# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ELVIN CLIFFORD WATKINS,**

    Plaintiff,

v.

    **CIVIL ACTION NO.: 3:15-CV-136 (GROH)**

**WEST VIRGINIA STATE POLICE, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 3, 2014, Plaintiff Elvin Clifford Watkins ("Plaintiff"), acting *pro se*, filed a Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 against Defendants Corporal J.E. Whisner and the West Virginia State Police.[1] Subsequently, on December 9, 2015, the Clerk of Court filed a Notice of General Guidelines for Appearing *Pro Se* in Federal Court [ECF No. 5] and a Notice of Deficient Pleading [ECF No. 6], advising Plaintiff that he must either pay the $400.00 filing fee or submit an application to proceed *in forma pauperis*. On February 29, 2016, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 10]. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the

---

[1] Plaintiff originally filed the Complaint in the United States District Court for the Southern District of West Virginia. However, on December 9, 2015, an order was entered transferring the case to the Northern District of West Virginia. Order Transferring Case, ECF No. 3. The order explains that Plaintiff is "challenging the requirement that he register as a sex offender under the Notification of Sex Offender Responsibility and Registration Certification in Keyser, Mineral County, West Virginia, which is located within the jurisdiction of the United States District Court for the Northern District of West Virginia" and that, therefore, Plaintiff's "cause of action, if any, arose in the Northern District of West Virginia." Id. at 1.

District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Civ P 72.01. For the reasons set forth below, the undersigned recommends that the Complaint be dismissed for failure to state a claim on which relief may be granted.

## II. BACKGROUND

According to the Complaint, Plaintiff was convicted in 1987 in Ohio state court of the rape of a person between the ages of twelve and sixteen years. Compl. at 2, ECF No. 1. After his conviction, Plaintiff was sentenced to six to twenty-five years of imprisonment and two years of supervised release. Id. Plaintiff served nine and one-half years in prison before beginning the supervised release portion of his sentence. Id. Throughout the term of his supervised release, Plaintiff resided in Cumberland, Maryland. Id.

On August 13, 2007, Plaintiff was traveling within the state of Oklahoma. Id. Specifically, Plaintiff was driving a motor vehicle west-bound on Interstate 40 ("I-40"). Id. While traveling, Plaintiff was pulled over by the Oklahoma Highway Patrol for a traffic stop. Id. The Highway Patrol searched Plaintiff's vehicle during the traffic stop, discovered 170 pounds of marijuana and arrested Plaintiff. Id. Subsequently, Plaintiff was charged and convicted in federal court of possessing marijuana. Id. After his conviction, Plaintiff was sentenced to fifty-seven months of imprisonment and thirty-six months of supervised release. Id. He served four years in a prison in Massachusetts before beginning the supervised release portion of his sentence. Id. At the time his supervised release commenced, Plaintiff's residence remained in Cumberland, Maryland. Id.

As a condition of his supervised release, Plaintiff was ordered to register as a sex

offender under the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901 *et seq.* ("Adam Walsh Act"). Id. Consequently, Plaintiff registered as a sex offender under the Notification of Sex Offender Responsibility and Registration Certification in Keyser, West Virginia. Id. After his registration was complete, Plaintiff was classified as a Tier III sexual offender, the most serious category of offender, and informed that he must report to a sex offender registration coordinator every ninety days for the remainder of his life. Id. Approximately eighteen months later, Plaintiff moved for early termination of his supervised release. Id. On August 22, 2013, Plaintiff's motion was granted. Id.

### III.  DISCUSSION

**A.  The Complaint**

On July 3, 2014, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Corporal J.E. Whisner and the West Virginia State Police, contending that his mandatory registration under the Adam Walsh Act was unconstitutional.[2] See id. at 1. Specifically, Plaintiff contends that his registration was unconstitutional because: (1) the Court lacks jurisdiction to enforce the Adam Walsh Act's lifetime requirements on him; (2) the registration was not part of his original sentence in the Ohio state case; (3) the registration constitutes retroactive punishment in violation of the Ex Post Facto Clause of the United States Constitution and (4) the registration violates the Fifth Amendment's Double Jeopardy Clause. Id. at 3-4. The Complaint does not detail the

---

[2] Plaintiff contends that his mandatory registration under the Adam Walsh Act "violate[d] the West Virginia Declaration of Rights." Compl. at 5, ECF No. 1. However, 42 U.S.C. § 1983 provides a remedy for violations of federal law only, not state or local law. Nevertheless, because the Complaint includes allegations of, *inter alia*, violations of the Ex Post Facto Clause and the Fifth Amendment of the United States Constitution, the undersigned assumes Plaintiff intended to allege violations of federal law, not state law, in his Complaint.

3

specific relief Plaintiff seeks. See id. at 1-5.

**B.     Standard of Review**

When filing a lawsuit in federal court, a plaintiff is required to pay certain filing fees. Hatcher v. Pan Tram, No. 3:15-CV-34, 2015 WL 2170043, at *3 (N.D. W. Va. May 8, 2015). A court, however, has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." LR Gen P 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with his or her motion for leave to proceed *in forma pauperis*. See LR Gen P 3.01. The United States Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute . . . [is] to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). Cases are often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Upon review, a court is *required* to dismiss an *in forma pauperis* complaint any time the court determines the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted or (3) seeks monetary relief against a defendant who is immune from such relief. Davis v. Hilborn, No. 15-7356, 2016 WL 475836, at *1 (4th Cir. Feb. 8, 2016) (emphasis added) (quoting 28 U.S.C. § 1915(e)(2)(B)).

A complaint is frivolous if it is without arguable merit in either law or fact. Neitzke,

4

490 U.S. at 325. A complaint filed *in forma pauperis* that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Instead, frivolity dismissals should be ordered only when the legal theories are "indisputably meritless" or when the claims rely on factual allegations that are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Frivolous claims include claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A court may *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(B)(2). The Federal Rules of Civil Procedure, which set forth the pleading standard for complaints filed in federal court, "require[ ] only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. When determining whether a claim filed by a *pro se* plaintiff fails to state a claim or is frivolous, the court must liberally construe the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## C. Analysis of the Complaint

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, "to establish a claim under § 1983, [a] plaintiff must show that: (1) a 'person' deprived him [or her] of a right guaranteed under the Constitution or laws of the United States; and (2) the deprivation occurred under color of a statute, ordinance, regulation, custom, or usage of the State." Boyles v. W. Va. Div. of Corr., No. 5:12CV182, 2013 WL 5728143, at *2 (N.D. W. Va. Oct. 22, 2013).

An individual acting in a personal or official capacity may be sued under § 1983. Biggs v. Meadows, 66 F.3d 56, 59 (4th Cir. 1995). However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, official capacity claims should be treated as claims against the state. Id. at 166. For a claim to be valid against the state, a governmental entity's policy or custom must have played a part in the plaintiff's deprivation of rights. Long v. Policarpio, No. 2:14-CV-10, 2015 WL 65061, at *3 (N.D.W. Va. Jan. 5, 2015) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

An individual acting in a supervisory capacity also may be sued under § 1983. Little v. Tygarts Valley Reg'l Jail, No. 5:12CV148, 2013 WL 5744780, at *2 (N.D. W. Va.

6

Oct. 23, 2013). While the doctrines of vicarious liability and *respondeat superior* are not applicable in § 1983 actions, a supervisor may be held liable for his or her own actions. See City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Specifically, to hold a supervisor liable under § 1983, a plaintiff must show that:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Little, 2013 WL 5744780, at *2.

In the present case, the undersigned finds that Plaintiff fails to state a claim under § 1983 for several reasons. First, Plaintiff never alleges how Defendants Corporal J.E. Whisner or the West Virginia State Police were personally involved in the deprivation of his federal rights. Instead, Plaintiff appears to merely list Corporal J.E. Whisner and the West Virginia State Police in their official capacities as the defendants of his cause of action. Second, Plaintiff fails to allege any policy or custom that would satisfy an official capacity claim. Finally, to the extent Plaintiff is suing Defendant Corporal J.E. Whisner in his supervisory capacity, Plaintiff fails to allege the facts necessary to establish supervisor liability. Therefore, even liberally construing Plaintiff's Complaint, the Complaint fails to state a claim under § 1983.

## IV.  RECOMMENDATION

For the reasons herein stated, I find that the Complaint [ECF No. 1] fails to state claim on which relief may be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §

7

1915(e)(2)(B)(ii) and that Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 10] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 9th day of March, 2016.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE