# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ELVIN CLIFFORD WATKINS,**

    Plaintiff,

**v.**                                        **CIVIL ACTION NO.: 3:15-CV-136
(GROH)**

**WEST VIRGINIA STATE POLICE,
and CPL. J. E. WHISNER,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ADOPTING IN PART REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 11. Pursuant to this Court's Local Rules, the above-styled action was referred to Magistrate Judge Trumble for submission of an R&R. On March 9, 2016, Magistrate Judge Trumble issued his R&R recommending that this Court dismiss without prejudice the Plaintiff's complaint [ECF No. 1] and deny as moot the Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 10]. For the following reasons, the Court **ADOPTS IN PART** the R&R.

### I. Background[1]

On March 3, 1987, pursuant to a plea agreement, the Plaintiff was convicted in the Court of Common Pleas for the County of Franklin, Ohio, of rape of an individual between

---

[1] Unless otherwise indicated, the facts within this section are derived from the Plaintiff's complaint [ECF No. 1] and his objections [ECF No. 13] to the R&R.

the age of twelve and sixteen years.  As a result, the Plaintiff was sentenced to not less than six nor more than twenty-five years of incarceration in the Ohio State Reformatory followed by two years of supervised release.  On December 21, 1997, the Plaintiff concluded his period of incarceration and began his period of supervised release.  More than nine years thereafter, in August of 2007, the Plaintiff was charged with possession of marijuana in the United States District Court for the Eastern District of Oklahoma, for which he was sentenced to fifty-seven months of imprisonment followed by thirty-six months of supervised release.  Judgment and Commitment, <u>United States v. Watkins</u>, 6:07-cr-54-RAW (E.D. Okla. Feb. 4, 2008), ECF No. 49.  While on supervised release for his 2007 offense, the Plaintiff was ordered to register as a sex offender under the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16962 and 18 U.S.C. § 2250.  Request for Modifying Conditions, <u>United States v. Watkins</u>, 6:07-cr-54-RAW (E.D. Okla. Oct. 5, 2011), ECF No. 116.  On August 22, 2013, pursuant to a recommendation from his supervising probation officer, the Plaintiff received approval for the early termination of his supervised release.  Order Terminating Supervision, <u>United States v. Watkins</u>, 1:13-cr-352-RDB (D. Md. Aug. 22, 2013), ECF No. 3.

In his complaint, the Plaintiff argues that requiring him to register as a sex offender is unconstitutional because registration was not a condition of his plea agreement in relation to his 1987 rape conviction.  Additionally, he argues that once he was released from supervision on August 22, 2013, for his 2007 offense, the government no longer had the authority to require him to register under SORNA.  Finally, the Plaintiff argues that requiring him to register as a sex offender is in violation of the Ex Post Facto and Double Jeopardy Clauses.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days after being served with a copy of the R&R. The Plaintiff was served with the R&R on March 14, 2016. ECF No. 12. On March 21, 2016, he filed his objections. ECF No. 13. Accordingly, the Court is required to review *de novo* those portions of the R&R to which the Plaintiff objects and the remainder of the R&R for clear error.

## III. Applicable Law

### A.     28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915(e), a court shall dismiss a cause of action proceeding *in forma pauperis* if such cause of action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007), or fails to "show" that the plaintiff is entitled to relief, Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted), then it will be dismissed for failure to state a claim upon which relief may be granted.

### B. Sex Offender Registration and Notification Act

SORNA was enacted by Congress on July 27, 2006, "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. In § 16913(d), Congress gave the Attorney General of the United States "the authority to specify the applicability" of registration requirements to sex offenders convicted prior to SORNA's enactment. On February 28, 2007, the Attorney General made SORNA's registration requirements retroactively applicable "to all sex offenders." 28 C.F.R. § 72.3; see also United States v. Kebodeaux, 133 S. Ct. 2496, 2500 (2013). SORNA provides, in relevant part:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.

42 U.S.C. § 16913(a). SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911. The term "sex offense" is designated as

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

4

>        (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
>
>        (v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

42 U.S.C. § 16911(5)(A).

## IV. Discussion

The R&R recommends dismissing without prejudice the Plaintiff's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying as moot the Plaintiff's application to proceed without prepayment of fees. Specifically, the R&R recommends dismissing the complaint because it (1) is devoid of any facts establishing the West Virginia State Police's or Corporal Whisner's personal involvement in the deprivation of his federal rights, (2) fails to allege any policy or custom that would satisfy an official capacity claim and (3) fails to allege facts necessary to establish Corporal Whisner's supervisory liability. Upon review, the Court finds that the majority of the Plaintiff's arguments in response to the R&R are not objections, but rather reiterations of arguments previously presented through the complaint. The Court discerns only one objection to the R&R: the Plaintiff's statement that the claims against Corporal Whisner are brought against him not in his official capacity but in his individual capacity. Notwithstanding the Plaintiff's objection regarding official capacity, upon consideration, the Court finds that the entirety of the Plaintiff's complaint lacks merit. Specifically, contrary to the Plaintiff's assertions, SORNA's registration requirements are constitutional, have no relation to the Plaintiff's supervised release status and do not violate the Ex Post Facto or Double

Jeopardy Clauses.  Therefore, because the Plaintiff's complaint is legally frivolous[2] and fails to state a claim on which relief may be granted, it must be dismissed.

### A. SORNA's Constitutionality and Scope

The Plaintiff argues that because there was no registration requirement incorporated into his 1987 plea agreement, he cannot now be compelled to register in accordance with SORNA.  However, the parameters of the Plaintiff's plea agreement has no relation his obligation to register under SORNA.  Indeed, SORNA did not come into existence until more than twenty years after the Plaintiff's 1987 rape conviction.  Nevertheless, on February 28, 2007, pursuant to the authority delegated to him by Congress, the Attorney General made SORNA's registration requirements applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]."  28 C.F.R. § 72.3.  And SORNA's applicability to "pre-Act" offenders has been upheld time and time again.  See, e.g., United States v. Brewer, 766 F.3d 884, 886 (8th Cir. 2014); United States v. Lott, 750 F.3d 214, 216-20 (2d Cir. 2014); United States v. Elk Shoulder, 738 F.3d 948, 951-52 (9th Cir. 2013); United States v. Stock, 685 F.3d 621, 625 (6th Cir. 2012); United States v. Davis, 352 F. App'x 270, at *2 (10th Cir. 2009).  Therefore, because SORNA's registration requirements are unaffected by the Plaintiff's 1987 plea agreement, this argument lacks merit.

In addition, the Plaintiff argues that upon the conclusion of his supervised release for his 2007 offense, he was no longer required to register under SORNA.  However,

---

[2] A complaint may be deemed legally frivolous when, as here, it has no "realistic chance[ ] of ultimate success," Jones v. Bales, 58 F.R.D. 453, 464 (N.D. Ga. 1972), or has no "arguable merit," Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976).

SORNA's registration requirements may extend beyond an individual's term of supervised release. For example, § 16915(a) requires a tier one sex offender to register for fifteen years, a tier two sex offender to register for twenty-five years and a tier three sex offender to register for life. 42 U.S.C. § 16915(a). These periods of registration exceed typical terms of supervised release. See, e.g., 18 U.S.C. § 3583(b) (limiting the term of supervised release for a Class A or Class B felony to five years). Therefore, because SORNA's registration requirements are unaffected by the Plaintiff's term of supervised release, this argument lacks merit.

## B. Ex Post Facto Clause

Next, the Plaintiff argues that SORNA violates the Ex Post Facto Clause. But there is "little . . . doubt that SORNA is a civil scheme that is not subject to the Ex Post Facto Clause." United States v. Talada, 631 F. Supp. 2d 797, 806 (S.D. W. Va. 2009) (reviewing the Supreme Court's analysis of Alaska's Sex Offender Registration Act in Smith v. Doe, 538 U.S. 84 (2003), and comparing to SORNA, the federal equivalent); see also Elk Shoulder, 738 F.3d at 953-54 (indicating the nonpunitive, and thus constitutional, nature of SORNA); United States v. Young, 585 F.3d 199, 204 (5th Cir. 2009) (holding that "SORNA is a civil regulation and, thus, does not run afoul of the Constitution's ex post facto prohibitions"); United States v. Lawrence, 548 F.3d 1329, 1333 (10th Cir. 2008) ("SORNA is both civil in its stated intent and nonpunitive in its purpose, similar to the scheme in Smith, and therefore does not violate the Ex Post Facto Clause."); United States v. Harding, Civil Action No. 7:13cr00008, 2013 WL 1832564, at *5 (W.D. Va. May 1, 2013) (collecting cases); United States v. Cotton, 760 F. Supp. 2d 116, 135-38 (D.D.C. 2011). Therefore, the Plaintiff's Ex Post Facto argument fails.

## C. Double Jeopardy Clause

Finally, the Plaintiff argues that SORNA violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." United States v. Merchant, 731 F.2d 186, 189 (4th Cir. 1984) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). As long as each offense in question "requires proof of a different element" and "proof of a fact which the other does not," Blockburger v. United States, 284 U.S. 299, 304 (1932), there is no danger of double jeopardy. In other words, "if each offense contains an element not contained in the other," then there is no constitutional violation. United States v. Williams, 155 F.3d 418, 420 (4th Cir. 1998) (internal quotations omitted) (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)). Here, the Plaintiff argues that SORNA's registration requirements violate double jeopardy. However, requiring the Plaintiff to register as a sex offender is separate and distinct from his 1987 rape conviction. See Harding, 2013 WL 1832564, at *6. The Plaintiff is not facing a successive prosecution for an offense of which was previously tried or convicted. Indeed, there is not even a prosecution currently pending against him. Therefore, the Plaintiff's double jeopardy argument fails.

## V. Conclusion

Upon review, the Court finds that the Plaintiff's complaint is legally frivolous and fails to state a claim on which relief may be granted. Accordingly, the Court hereby **ORDERS** Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] **ADOPTED IN PART**. The Court declines to adopt the R&R insofar as it recommends dismissing the Plaintiff's complaint *without* prejudice. Rather, in light of its legal frivolity, the Court **ORDERS** that the Plaintiff's 42 U.S.C. § 1983 complaint [ECF No. 1] is

**DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 10] is **DENIED AS MOOT**. The Plaintiff's objections [ECF No. 13] are **OVERRULED**.

There being no other matters to address, the Court **ORDERS** this matter **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendants.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** September 1, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE